UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL CAREY,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>               Defendant. | Case No. ED CV 12-1178-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred when he rejected the opinions of his treating doctors. For the following reasons, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings consistent with this decision.

## II. SUMMARY OF PROCEEDINGS

In June 2009, Plaintiff applied for SSI, claiming that he was disabled due to bipolar disorder, attention deficit hyperactivity disorder, mild retardation, and a learning disability. (Administra-

tive Record ("AR") 141-43, 157, 204.)  His application was denied initially and on reconsideration, after which he requested and was granted a hearing before an ALJ.  (AR 77-81, 83-90, 95-96.)  In April 2011, he appeared at the hearing with counsel and testified.  (AR 40-73.)  Thereafter, the ALJ issued a decision, finding that Plaintiff was not disabled.  (AR 24-35.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 1-4.)  This action followed.

## III. DISCUSSION

The doctors who offered opinions in this case concluded that Plaintiff was impaired due to low mental functioning and personality/psychiatric disorders.  The ALJ agreed.  The question that remained was whether Plaintiff would still be impaired absent drug and alcohol abuse.  Plaintiff's treating doctor, Vinh Dang, determined that he would; the non-treating doctors reached the opposite conclusion.  The ALJ accepted the opinions of the non-treating doctors and concluded that, without substance abuse, Plaintiff would not be impaired.  Plaintiff contends that the ALJ erred in doing so.  For the following reasons, the Court finds that the ALJ did not err in this conclusion but that he should have recontacted Plaintiff's doctor to allow him to explain his view.

Generally speaking, a treating doctor's opinion is entitled to deference.  *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007); *see also Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (explaining that treating physician's opinion "is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'") (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)).  Thus, all things being equal, a treating doctor's opinion regarding a

claimant's condition should be given controlling weight.  *Orn*, 495 F.3d at 631; *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).  That being said, however, an ALJ is not required to simply accept a treating doctor's opinion.  Where, as here, the opinion is contradicted by another doctor's opinion, the ALJ is empowered to reject the treating doctor's opinion for specific and legitimate reasons that are supported by substantial evidence in the record.  *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)); *Morgan*, 169 F.3d at 600.

   Dr. Vinh Dang is a family medicine doctor at Kaiser Permanente who began treating Plaintiff in 2008 or 2009 and saw him two or three times a year.  (AR 715.)  In a letter dated June 2010, Dr. Dang diagnosed Plaintiff with a learning disability, mild mental retardation, and bipolar disorder.  (AR 723.)  In Dr. Dang's opinion, Plaintiff's symptoms "likely have been present since birth."  (AR 723.)  In January 2011, he completed a check-the-box form in which he checked a single box, declaring, "My patient's use of drugs and/or alcohol is a symptom of his condition, and/or is a form of self-medication.  The disability is independent of any use."  (AR 656.)  In a brief note in February 2011, Dr. Dang explained that Plaintiff had been diagnosed with frontal lobe syndrome, which explains "his inability to plan for things and disinhibited behavior."  (AR 715.)  Dr. Dang opined that Plaintiff had "limited insight on the consequences of his actions," and that "[i]t appears unlikely that he will ever overcome his disabilities."  (AR 715.)

   The relevant opinion for purposes of the Court's analysis is Dr. Dang's January 2011 opinion that Plaintiff's disability was

independent of drug and alcohol abuse. The ALJ rejected this opinion because it: (1) demonstrated that Dr. Dang "does not know [Plaintiff]"; (2) failed to address Plaintiff's significant drug abuse; (3) was inconsistent with Plaintiff's own statements about his condition; and (4) was inconsistent with Dr. Dang's mental status examinations. (AR 32.) Though the Court questions the first justification because it is somewhat ambiguous, the record supports the second. Dr. Dang never addressed Plaintiff's significant drug and alcohol abuse. Nor did he explain in the January 2011 form or in any of his other submissions the basis for his opinion that Plaintiff's impairments were independent of his drug and alcohol abuse. In fact, Dr. Dang's January 2011 opinion is simply a conclusion with no explanation. As such, it is of no real value as it adds nothing to the calculus of whether Plaintiff's disability is impacted by his substance abuse.

There is also support for the ALJ's third reason, i.e., that Dr. Dang's opinion was inconsistent with Plaintiff's own statements that his condition was improving and that he was doing "o.k." In 2010, Plaintiff reported to Dr. Dang and other doctors that he was getting better, which appears to have been the result of abstinence. (AR 647-53.)

As to the ALJ's fourth reason--that Dr. Dang's opinion was inconsistent with the results of the mental status examinations--the ALJ failed to provide any detail for the Court to evaluate this finding. The records from Dr. Dang and the other doctors' mental status examinations support this finding in some places and contradict it in others. (AR 240, 300, 310, 388, 437, 439, 441, 444, 638-54, 739-40.) All in all, though, the Court finds that, even without this

justification, the ALJ's other reasons are sufficient to undermine Dr. Dang's opinion.

Plaintiff argues that the ALJ should have recontacted Dr. Dang and had him explain the basis for his opinion that Plaintiff's substance abuse had no impact on his impairment. (Joint Stip. at 9.) The Agency contends that there was no need to do so because there was no ambiguity in the evidence and the record was fully developed on the issue. (Joint Stip. at 13-14.) Here, the Court sides with Plaintiff. There was some ambiguity in this record and, at least as to Dr. Dang, this issue was not fully developed. Dr. Dang treated Plaintiff for several years and presumably had an explanation as to why Plaintiff would continue to be disabled even without drug and alcohol abuse. As such, the Court concludes that the ALJ should have contacted him and asked him to explain his reasons for reaching this conclusion before rejecting the opinion outright. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). On remand, the ALJ should do so.

As to Plaintiff's other treating doctor, Dennis Khalili-Borna, he diagnosed Plaintiff with mild mental retardation and ADHD in April 2010. (AR 461.) In Dr. Khalili-Borna's opinion, as a result of Plaintiff's condition and his significant problems with focus, attention, and judgment, he was incapable of working until at least April 2011. (AR 461.) The ALJ rejected this opinion because it: (1) failed to address Plaintiff's significant drug abuse; (2) was inconsistent with Plaintiff's own statements about his condition; and (3) was inconsistent with mental status examinations. (AR 32.) The record supports this finding in part.

The ultimate issue before the ALJ was not whether Plaintiff was impaired, but, rather, whether he would still be impaired if he

abstained from drugs and alcohol. Dr. Khalili-Borna's opinion never addressed that issue and, therefore, it did not add anything to the analysis. Further, Dr. Khalili-Borna's opinion was inconsistent with Plaintiff's reports to his doctors at about the same time that he was doing better. (AR 647-53.) Finally, some of the records from the mental status examinations contradicted Dr. Khalili-Borna's opinion that Plaintiff was impaired, though others did not. (AR 240, 300, 310, 388, 437, 439, 441, 444, 638-54, 739-40.) In light of this ambiguous evidence and the fact that Dr. Khalili-Borna never offered an opinion as to whether Plaintiff would still be disabled absent substance abuse, the ALJ should have recontacted him and allowed him to explain. On remand, he should do so.

## IV. CONCLUSION

For the reasons set forth above, the ALJ's decision is reversed and the case is remanded to the Agency for further consideration.

IT IS SO ORDERED.

DATED: October 30, 2013.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\CAREY, 1178\Memo Opinion and Order.wpd